

By separate order, this case is referred to Magistrate Judge Netburn for general pretrial purposes. Judge Netburn will address this motion, and any other matters regarding discovery.

August 17, 2021

SO ORDERED.

_____
Hon. Ronnie Abrams
August 18, 2021

Via ECF
Hon. Ronnie Abrams
U.S. District Court Judge for the Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

      Re:    Newberry, et al. v. Sri Prayal Wijegoonaratna, et al., 21-cv-2707 (RA)

Dear Judge Abrams:

      We are the attorneys for the Plaintiffs in the above-entitled action and request a pre-motion informal conference in accordance with Local Civil Rule 37.2 and Your Honor's Individual Practice Rule 3. We advise the Court that telephonically on August 10 and 13 (and in numerous emails), the undersigned attorney conferred in good faith with an attorney for Defendants Sri P. Wijegoonaratna, Michele Wijegoonaratna and Ball Pond Capital, LLC ("Defendants") in partially unsuccessful efforts to resolve a dispute over the adequacy of Defendants' Responses[1] (Attachment A) to Plaintiffs' Amended First Demand for Documents ("Plaintiffs' Doc. Requests") (ECF No. 63).

      On August 9, 2021 Defendants produced 852 pages of documents ("Defendants' document production") and served a set of written responses. However, much of this production was not responsive to Plaintiffs' Document Requests. Instead of responsive documents, Defendants produced personal financial information of Defendant Sri P. Wijegoonaratna, which was not sought in this action (but had been produced pursuant to Plaintiffs' subpoena in a prior action, 20-cv-7005-SHS), and an insufficient number of financial documents pertaining to Defendant Ball Pond Capital LLC ("BPC"). Defendants did not indicate in their written Responses which of those 852 pages were responsive to any Document Request and responded to 49 of Plaintiffs' Document Requests[2] that "Defendants will produce all non-privileged responsive documents in their possession, custody or control which were located after a reasonably diligent search." In the meet and confers Plaintiffs' counsel advised that they could locate no documents in Defendants' production that were responsive to any of those 49 Document Requests. Defendants' counsel replied that they have no obligation to enumerate in

---

[1] "Defendants Sri Priyal Wijegoonaratna's, Michelle Wijegoonaratna's, and Ball Pond Capital, LLC's Response To Plaintiffs' Amended First Demand For Documents" ("Defendants' Responses")(Attachment A).
[2] See Attachment A, Defendants' Responses to Plaintiffs' Doc. Requests nos. 1, 4, 10-12, 15, 25-30, 32-33, 42-43, 45-53, 56-62, 67-82, and 85-92.



any particular response the responsive documents they are producing, but the issue here is whether Defendants may assert that they will be producing responsive documents, but do not in fact produce any. They should be directed to amend their responses to acknowledge that, where appropriate, after a reasonably diligent search they have located <u>none</u>, as they acknowledged in several of their responses.

Plaintiffs' Document Request No. 6 sought "[c]opies of bank statements for all bank accounts held by BPC" for January 1, 2016 through the present date.[3] Defendants however produced only the 2019 and 2020 bank statements for Defendant BPC, and refuse to produce the statements for 2016-2018, and 2021. Defendants argue that they will produce only "for the time period from January 1, 2019 to the present" (Defendants' Responses at 2) because formal notice of a breach under the April 24, 2016 Settlement Agreement did not occur until January 22, 2019, and therefore "any allegedly voidable transfers [did not become] ripe" until that notice. *Id.* However, the complaint makes clear that "[i]n the period from May 2016 through at least May 2020, when Plaintiffs were a creditor of BPC, S.P. Wijegoonaratna withdrew more than a million dollars in cash from the BPC bank account without providing any consideration in return, leaving the company insolvent and unable to pay its creditors." Compl., ECF No. 1 at ¶ 61. Thus, BPC's insolvency and its bank account in the years prior to 2019 is a relevant and discoverable issue.[4] BPC's bank statements from the date of the settlement agreement (May 2016 to present) should be produced. Moreover, although Defendants acknowledge the relevance of 2019 to the present, no bank statements after 2020 were produced. Defendants should be directed to produce the May, 2016-2018, and 2021 BPC bank statements. For the same reason Defendants' limitation to 2019 and 2020 in their response to Requests No. 23 (seeking documents relating to any money that BPC owes to any Defendant and/or property that it holds on behalf of any other Defendant) and No. 24 (which sought records of any financial transactions and/or transfers between BPC and any of the Defendants) should not stand and they should be directed to produce the records of any May, 2016-2018, and 2021 financial transactions, transfers, obligations and property it holds for any other Defendant.

Following the first meet and confer, Plaintiffs revised several document requests to which Defendants had objected. Defendants' attorney, Joshua Truppman, agreed to provide responses to several of them, with only Requests 17 and 22 of the revised requests remaining at issue. Document Req. 17 requests "all documents and communications between BPC and any other Defendant which relate to the payment by BPC of any financial obligation it had with any other

---

[3] See Plaintiffs' Doc. Request 6 (ECF No. 63), and Definitions and Instructions, No. 8 (*id.*).
[4] Plaintiffs, creditors of BPC as of April 24, 2016, pled a violation of Section 273 of the N.Y. Debtor and Creditor (Compl., ¶ 61) which bars preferential transfers to directors, officers and shareholders of insolvent corporations in derogation of the rights of general creditors. *See, e.g., Matter of Uni-Rty Corp. v. New York Guangdong Fin.*, 117 A.D.3d 427, 428-29, 985 N.Y.S.2d 487 (1st Dep't 2014). Defendant S.P. Wijegonaratna was the 100% owner of BPC until he transferred that interest to the Ball Pond Trustee on May 20, 2020, two months after the first of two arbitration awards were made against him and BPC.



**HOLMAN LAW**
A PROFESSIONAL CORPORATION

Defendant during the relevant period." Defendants objected to this request on grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and that the time frame of this request pertains to a period prior to the time that Plaintiffs' claims accrued, but that "subject to and notwithstanding these objections, Defendants have produced the documents that executed each payment by BPC to any other Defendant with respect to transfers identified in Plaintiffs' Complaint which are in Defendants' custody or control located after a reasonably diligent search."[5] Defendants' response and objections are problematic because first, this request essentially seeks the email communications BPC had with the Defendants to which it had made transfers of more than a million dollars during the period when BPC was indebted to Plaintiffs for a like amount, and thus seeks relevant and discoverable information. Emails certainly have not been produced. Moreover, the time period objection is unjustified for the reasons explained above supporting a time period of May, 2016 to the present. With respect to Plaintiffs' Document Request 22 (set forth in the note below),[6] Defendants withdrew their objection to it, and responded "that all non-privileged documents in Defendants' custody or control located after a reasonably diligent search have been included in documents already produced." However, after review of Defendants' document production we do not locate any documents that show that as of the date of the purported transfer or assignment of BPC to the Ball Pond Trust, BPC was or was not actively engaged in business. If there was a document produced showing the cessation of business, then the request also required production of documents to show the date of cessation, assets as of the cessation, the present and specific location of such assets, and if the assets were sold or transferred the nature of the assets, date of transfer(s), name and address of the person(s) to whom the assets were transferred, and the consideration paid for the assets and the form it was paid. We ask that the Court direct Defendants to identify documents in their production which are responsive to Document Request 22, as stated below in footnote 6.

Accordingly, Plaintiffs request that a pre-motion conference be scheduled.

Respectfully submitted,

*/s/ Thomas A. Holman*
Thomas A. Holman

Attachments A and B

cc: all defense attorneys of record

---

[5] See Email from Thomas A. Holman to Joshua Truppman, dated Aug. 16, 2021 (11:56 AM), at p. 8 of the email chain contained in Attachment "B" to this letter.

[6] The revised Document Request 22 seeks "all documents showing that as of the date of the purported transfer or assignment of BPC to the Ball Pond Trust, whether or not BPC was actively engaged in business, and if it was not, the production of documents should include documents showing the date of cessation, assets as of the cessation, the present and specific location of such assets, and if the assets were sold or transferred the nature of the assets, date of transfer(s), name and address of the person(s) to whom the assets were transferred, and the consideration paid for the assets and the form it was paid."